IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                                                     OPINION and ORDER

                Plaintiff,

                                                     09-cv-727-slc[1]

   v.

DANE COUNTY JAIL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                                                     OPINION and ORDER

                Plaintiff,

                                                     09-cv-728-slc

   v.

JOSEPH E. MIMIER, ADA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                                                   OPINION and ORDER

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order I am assuming jurisdiction over these cases.

1

        Plaintiff,

                09-cv-729-slc

   v.

CIRCUIT COURT OF DANE COUNTY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                OPINION and ORDER

        Plaintiff,

                09-cv-735-slc

   v.

DEPARTMENT OF CORRECTIONS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff James Edward Grant, a prisoner at the Dane County jail in Madison, Wisconsin, has filed proposed complaints for money damages in the four actions listed above. Also, he has asked for leave to proceed in forma pauperis in each of the cases, but he has not provided a trust fund account statement that this court needs in order to calculate an initial partial payment of his filing fees for these actions. Usually the court would wait until payment of the initial partial payments to rule on plaintiff's requests for leave to proceed in forma pauperis. However, plaintiff has earned three strikes for bringing earlier actions that were frivolous, malicious or failed to state a claim upon which relief could be

2

granted. Therefore I will deny his requests for leave to proceed in forma pauperis in each of these cases because he does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g). Also, I will enter an order under Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995), restricting plaintiff from filing papers in this court until he pays the filing fees he owes for his numerous frivolous lawsuits and appeals.

Section 1915(g) reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, I denied plaintiff leave to proceed in forma pauperis in lawsuits that were legally frivolous. Grant v. Barth, 08-cv-669-slc, decided January 8, 2008; Grant v. Robinson, 08-cv-689-slc, decided January 9, 2008; and Grant v. Zeigler, 08-685-slc, decided January 15, 2008. Therefore, plaintiff cannot proceed in any of these cases unless I find that the complaint alleges that he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat or prison condition must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court

3

considers his request for leave to proceed in forma pauperis. See id. (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Claims of physical injury ordinarily arise in the context of lawsuits alleging Eighth Amendment violations.

Plaintiff's complaints in these cases do not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury. In these complaints he alleges as follows:

Case no. 09-cv-727-slc — Plaintiff sues the Dane County jail for the disappearance of his brief in another case and the failure to investigate a March 2009 incident of excessive force.

Case nos. 09-cv-728-slc and 09-cv-729-slc — In almost identical complaints, plaintiff sues an assistant district attorney and the Circuit Court for Dane County for disregarding a letter filed in plaintiff's criminal cases.

Case no. 09-cv-735-slc — Plaintiff sues the Wisconsin Department of Corrections for barring him from having contact with Tonya Baron.

Because plaintiff's complaints do not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury, he is disqualified from proceeding in forma pauperis under § 1915(g) in each case.

Plaintiff may choose to pursue these cases as a paying litigant, but he has a significant hurdle to overcome before doing so. I must address the fact that despite having struck out

4

under § 1915(g), plaintiff continues to submit complaint after complaint to this court that does not contain allegations of imminent danger. The purpose of § 1915(g) is to curb frivolous filings by prisoners, but this provision has not stymied plaintiff, who not only continues to file complaints (18 in the last 13 months), but has also filed at least 14 letters or other miscellaneous filings with this court over the last six months. Only one of plaintiff's cases has made it past the screening stage with allegations of imminent danger. When given the choice to pay the $350 filing fee in order to continue with his non-imminent danger cases, plaintiff has always failed to pay the full fee (he has paid only $51.21 thus far for his 14 cases), but has then followed up with new complaints that do not comply with § 1915(g). Further, plaintiff has not paid any of his nine $455 appellate filing fees. Plaintiff's repeated frivolous filings waste judicial resources and make it harder for persons with legitimate claims to obtain a speedy resolution of their lawsuits.

Under Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995), I will order the clerk of court to return unfiled plaintiff's filings in pending and future cases until he has paid the $10,343.79 he owes for his cases before this court and the court of appeals. The clerk will retain an electronic copy of the documents plaintiff attempts to file, but the court will take no further action on those documents. There are some exceptions to the filing bar: plaintiff may still file applications for a writ of habeas corpus or documents in any criminal case in which he is a defendant. In addition, this court will consider

5

complaints in which plaintiff alleges he is in imminent danger of serious physical harm. Ammons v. Hannula, No. 08-cv-608-bbc, slip op. at 13-16 (W.D. Wis. Nov. 5, 2008). However, as a means of avoiding additional waste of court resources responding to frivolous complaints containing only the magic words "imminent danger" rather than allegations passing muster under § 1915(g), any further complaints alleging imminent danger filed by plaintiff will be deemed dismissed after 30 days unless the court orders otherwise. Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). This order will expire when plaintiff pays the amount due. Plaintiff may file a motion to modify or rescind this Mack order no earlier than two years from the date of this order.

As stated above, this order applies to plaintiff's pending cases (the above-captioned four cases as well as case no. 09-cv-585-slc), which means that the normal schedule continues with the cases even though plaintiff must pay what he owes before he may file anything in these cases. In re City of Chicago, 500 F.3d 582 (7th Cir. 2007). In the four cases at issue, I will give plaintiff a deadline of January 25, 2010, to choose to continue litigating these cases as a paying litigant. Usually, plaintiff would have to pay only the $350 filing fee in order to proceed with any of these cases as a paying litigant, but because I have issued a Mack order against plaintiff, he will have to pay the entire $10,343.79 he owes before he may proceed with any of these cases. If he does this, he should be aware that the court then will be required to screen his complaints under 28 U.S.C. § 1915A, and dismiss any case if

6

the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. If he fails to pay what he owes by January 25, 2010, the clerk of court is directed to close each of these cases.

ORDER

IT IS ORDERED that

1. Plaintiff James Edward Grant's requests for leave to proceed in forma pauperis in each of these cases is DENIED because he is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

2. The clerk of court is directed to make an electronic copy of any papers submitted either directly or indirectly by or on behalf of James Edward Grant in any pending or future case in this court and to return the paper copies to plaintiff. The court will take no action on any of the proposed suits until plaintiff pays in full all filing fees from all of his federal suits, with the following exceptions: criminal cases, applications for writs of habeas corpus and cases in which plaintiff alleges he is in imminent danger of serious physical harm. Although complaints in which plaintiff alleges imminent danger will be filed, they will be deemed dismissed after 30 days unless the court orders otherwise.

3. Plaintiff is authorized to submit to this court a motion to modify or rescind this Mack order no earlier than two years from the date of this order.

4. Plaintiff may have until January 25, 2010, to pay what he owes under the <u>Mack</u> order. If he fails to do so, the clerk of court is directed to close each of these cases.

Entered this 5th day of January, 2010.

          BY THE COURT:

          /s/

          _____
          BARBARA B. CRABB
          District Judge