IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                                                                          ORDER

               Plaintiff,

                                                              09-cv-727-slc[1]

      v.

DANE COUNTY JAIL,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In a January 5, 2010 order in this and several other of plaintiff James Grant's then-open cases, I sanctioned plaintiff as follows:

> Under <u>Support Systems International, Inc. v. Mack</u>, 45 F.3d 185 (7th Cir. 1995), I will order the clerk of court to return unfiled plaintiff's filings in pending and future cases until he has paid the $10,343.79 he owes for his cases before this court and the court of appeals. *The clerk will retain an electronic copy of the documents plaintiff attempts to file*, but the court will take no further action on those documents. There are some exceptions to the filing bar: plaintiff may still file applications for a writ of habeas corpus or documents in any criminal case in which he is a defendant. In addition, this court will consider complaints in which plaintiff alleges he is in imminent danger of serious physical harm. <u>Ammons v. Hannula</u>, No. 08-cv-608-bbc, slip op. at 13-16 (W.D. Wis. Nov. 5, 2008). However, as a means of avoiding additional waste of court resources responding to frivolous complaints containing only

---

[1] For the purpose of issuing this order I am assuming jurisdiction over this case.

1

> the magic words "imminent danger" rather than allegations passing muster under § 1915(g), any further complaints alleging imminent danger filed by plaintiff will be deemed dismissed after 30 days unless the court orders otherwise. Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). This order will expire when plaintiff pays the amount due. Plaintiff may file a motion to modify or rescind this Mack order no earlier than two years from the date of this order.

Dkt. #3 (emphasis added). Over the past month, James Grant has sent the court several long, frivolous submissions that have been returned to him "unfiled," but, in accordance with the January 5, 2010 order, the clerk's office has expended valuable time creating electronic records of all of the submissions. It makes sense to amend the sanctions order against Grant to remove the provision directing the clerk of court to make electronic copies of his frivolous submissions. From now on, when Grant submits frivolous documents to the court, they will neither be returned to him nor electronically filed. Instead, they will be placed in a box in the clerk's office to be stored for no longer than one year, so that if Grant or anyone else has reason to review them, they will be available for that purpose. The clerk of court is not required to make an electronic copy of the document itself, but is to merely note in the electronic file that the document has been received.

Turning to the substance of the documents filed by Grant, although he continues to seek rescission of the sanctions order, he provides no persuasive reason for the court to grant his request. The sanctions order allows an exception for cases in which a plaintiff believes that he is in imminent danger of serious physical harm, so to the extent that Grant wishes

2

to file such a case about current harm, he is free to do so.  To the extent that he wishes to file a case about past harm, however, he has forfeited his right to do so by failing to pay his past filing fees.

ORDER

IT IS ORDERED that the January 5, 2010 sanctions order in this case, dkt. #3, is AMENDED to provide that any submissions tendered to the court by James Grant shall be reviewed sufficiently to determine whether he is trying to file a case stating allegations of imminent harm or a petition for a writ of habeas corpus.  If he is not trying to file such a case or petition, the materials will be placed in a box in the office of the clerk of court for one year, to be destroyed at the end of that year.   The clerk is directed to note in the electronic file that the court has received a document and that it has been placed in the box in the clerk's office.

The current materials that Grant has submitted do not constitute either a claim of imminent harm or a petition for a writ of habeas corpus.  Therefore, they may be placed in

a box in the clerk's office for storage.

Entered this 19th day of August, 2013.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge